The judgment of the court was pronounced by'
Slidell, J.
The motion to dismiss cannot be maintained. This suit was brought upon certain notes of defendant given for the piáce of land bought from the plaintiff under an instrument in the form of a bond. Waterman binds himself to the defendant in this instrument in the sum of $1000, with a condition in these words: “The condition of the above bond or obligation is such, that whereas the above bound Waterman has this day bargained and sold to the said Gibson,” certain lands which are described, “ for the price of $960, of which sum Gibson has given his notes,” describing them. “Now, if the said Gibson shall pay or cause to be paid the said several sums of money as they may become due, then the said Waterman is to make or cause to be made bond fide legal warranty titles to said land.” The plaintiff asks judgment for the notes and interest with vendor’s privilege.
The defendant in his answer pleads that the plaintiff was bound to make him titles for the land upon the payment of the notes. He also pleaded in compensation and reconvention, a claim for services rendered to the plaintiff'as land agent in selling lands for him. He prayed for a judgment of compensation or in reconvention, and also that the plaintiff might be decreed to make a perfect and legal title before collecting the residue of the price.
There was a verdict and judgment sustaining the defendant’s plea in compensation, recognizing the plaintiff’s claim for the residue in the vendor’s privilege, and directing that no execution issue until the plaintiff execute in favor of defendant a deed for the land. From this judgment the plaintiff has appealed.
There was an objection in the court below to the admission of evidence to prove the defendant’s claim for .services, on the ground that his plea of compensation was not made with sufficient certainty and definitiveness. We see no reasons to disturb the opinion of the district judge on this point. And we may remark, that much of the evidence was upon matters of which the plaintiff' was, before the suit, fully cognizant, and that there is no reason to believe he was taken by surprise.
Objection was made to the reception ia evidence of a power of attorney to sell lands, collect rents, <fce., executed by plaintiff in favor of defendant, and dated in March, 1848, upon the ground of discrepancy with the allegations of the plea. In the plea the allegation is, that on or about the 2d day of January, 1845, at the urgent solicitation of said plaintiff, respondent consented to act as agent and attorney in fact of the said plaintiff in the parish of Jackson, and whilst acting in said capacity he sold a large amount of lands for plaintiff, specifying the names of the vendees and the amounts of the sales; and his commission therefor became due on the 28th November, 1848. We think, without some more satisfactory reasons than was assigned below, there was no error in letting in a power of attorney, executed within the interval of time, during which the defendant alleged that he acted as agent.
The evidence shows that a land agent’s duties are onerous, and that several sales were made by the defendant. We are not prepared to say that the allowance made by the j uiy is unreasonable under the proofs adduced.
It is said that a contract of mandate is presumed to be gratuitous, unless there have been a contrary agreement. Under our code, which has modified the principles of the Roman law, it is not of the essence of mandate that it be gratuitous. And, in our opinion, it is not necessary for an agent to establish an express agreement that he should have a pecuniaiy remuneration for his services. Courts may infer such an agreement from the nature of the employment and the relations of the parties. It would be unreasonable to look upon the undertaking of *674 the defendant as a mere office d'ami. See Duranton, lib. 3, tit. 13, No. 197. The nature of such a contract as was made by the parties by the instrument referred to in the early part of this opinion has been frequently considered. The petition shows that the plaintiff thought the title was fully vested in the defendant, and we think that the law would so regard it, especially where the obligor sues for the price and claims the vendor’s privilege.
The judgment is an ample title to the defendant, and the warranties which were contemplated in the bond are created by law. C.C. 2477, et seq. At any rate, the decree below was wrong under the agreement of the parties, for the formal title was not to be executed until the notes were paid.
It is decreed, that so much only of the judgment of the district court as decres that no execution issue until plaintiff shall execute a deed in favor of defendant for the land described in the petition, be reversed and set aside, and that so corrected, the judgment be affirmed; the costs of the appeal to be paid by the appellee.